CRAIG NEEDHAM (SBN 52010)
KIRSTEN FISH (SB #217940)
**NEEDHAM, DAVIS, KEPNER, & YOUNG, LLP**
1960 The Alameda, Suite 210
San Jose, CA 95126
Tel:    (408) 244-2166
Fax:   (408) 244-7815

**TINSMAN & SCIANO, INC.**
DANIEL J.T. SCIANO (Admitted *Pro Hac Vice*)
10107 McAllister Freeway
San Antonio, Texas 78216
Telephone: (210) 225-3121
Fax:  (210) 225-6235

*Attorneys for Plaintiffs, JEREMY JAMES EHART, KRISTY EHART, and STEVEN RYAN McCLANAHAN*

**IT IS SO ORDERED**
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY JAMES EHART, KRISTY EHART and STEVEN RYAN McCLANAHAN,<br><br>Plaintiffs,<br><br>vs.<br><br>GHILLIE SUITS.COM, INC., TODD MUIRHEAD; NEW YORK FIRE-SHIELD INCORPORATED; WACKENHUT SERVICES, INCORPORATED; THE WACKENHUT CORPORATION and DOES 1-50, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: C 06 06507 (JW)<br><br>**STIPULATION FOR EXTENSION AND TOLLING OF STATUTE OF LIMITATIONS**<br><br><br><br><br><br>Complaint Filed: October 18, 2006 |

Plaintiffs, JEREMY JAMES EHART, KRISTY EHART and STEVEN RYAN McCLANAHAN, (hereinafter "Plaintiffs") and Defendants, GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST (hereinafter "Defendants"), and JACE

CONTRACTING SERVICES, INC., by and through their attorneys of record or in fact, do hereby stipulate and agree as follows:

1.      Plaintiffs and Defendants are parties to a lawsuit entitled *Ehart v. Ghillie Suits.Com, Inc., et al.* filed in the United States District Court, Northern District of California, San Jose Division, bearing Case Number C 06 06507 (JW) which concerns the complaint for personal injuries and other damages arising out of a series of incidents or occurrences which ultimately culminated in injuries on or about October 28, 2004, while the two plaintiff Marines were participating at a joint training exercise implemented by the Office of Secure Transportation, a Division of the Department of Energy, in which both Marines suffered extensive burns.

2.      Plaintiffs alleged that they were injured as a result of the defective design, manufacture, distribution, sale, and marketing of certain products (Ghillie Suits and Fire-Proof-it Spray) that they contend were unreasonably dangerous. They also allege that certain persons were or are negligent, and that said negligence caused damages to Plaintiffs. During written and oral discovery, GARY B. CROSSLAND and/or THE GARLAND COMPANY D/B/A FIRE SHIELD WEST were subsequently identified as potentially having some involvement in the sale, distribution, and/or marketing of fire retardant identified as "Inspecta-Shield" manufactured by NEW YORK FIRE-SHIELD, INC., which was allegedly subsequently sold to Defendants Todd Muirhead and/or Ghillie Suits.com, Inc. Additionally, in response to written discovery an affiliated entity named JACE CONTRACTING SERVICES, INC. was identified by GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST as potentially having some involvement in certain sales, distribution, and/or marketing of certain Inspecta-Shield ultimately sold to Todd Muirhead and/or Ghilliesuits.com. Defendants have denied all allegations. Neither GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST nor JACE CONTRACTING SERVICES, INC. were involved in the design, manufacture, sale, or distribution of the actual ghillie suits involved in the separate injuries sustained by the plaintiffs. Inspecta-Shield, according to Defendants Todd Muirhead and Ghillie Suits.com, Inc., is the alleged active fire retardant that was contained in the 8 ounce bottles of Fire-Proof-it-Spray packaged and sold by

Todd Muirhead and/or Ghillie Suits.com, Inc. to the Department of Energy and/or Wackenhut Services, Inc. and distributed by Wackenhut Services, Inc. to certain marines who applied it to ghillie suits worn by the plaintiffs. Plaintiffs subsequently amended their Complaint to include the Defendants, GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST.

3.  Defendants GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST and potential Defendant JACE CONTRACTING SERVICES, INC. have elected to provide Plaintiffs with an incentive to voluntarily dismiss Plaintiffs' claims against GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST without prejudice and to not seek to currently join JACE CONTRACTING SERVICES, INC. in this action as a potential Defendant in exchange for an extension and express tolling of the Statute of Limitations for Plaintiffs to rely upon as follows:

> JACE CONTRACTING SERVICES, INC., GARY B. CROSSLAND, and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST hereby each separately agrees that the periods of time in which any and all statutes of limitation may begin to run have been and are extended and tolled from the date the original complaint was filed in California Federal District Court, San Jose Division, Case No.: C 06 06507 (JW). Further, these parties agree that on any and all causes of action against GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST, and JACE CONTRACTING SERVICES, INC. that may be held by Plaintiffs, if any, for all economic and non-economic damages which Plaintiffs contend they sustained as a result of the alleged design, manufacture, distribution and/or sale of Inspecta-Shield by these parties, and alleged claims for negligence regarding any acts or omissions or conduct of these parties with regard to the manufacture, sale, distribution, and/or packaging, if any, that may have resulted in the separate injuries that occurred on or about October 28, 2004, said claims need not be pursued in the current proceeding.

JACE CONTRACTING SERVICES, INC., GARY B. CROSSLAND, and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST each separately agrees that each and every period of limitation shall be and is hereby tolled and extended during the period commencing the date the original complaint bearing Case No. C 06 06507 (JW) was filed in the United States District Court, Northern District of California, San Jose Division, and ending 30 days after the date a trial court judgment is signed and entered, or the date the Plaintiffs settle with the last remaining Defendant currently joined, whichever date is earlier.

In reliance upon this stipulation, Plaintiffs will voluntarily dismiss all claims against GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST without prejudice. Further, plaintiffs will not seek to join JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING as an additional defendant in this proceeding conditioned upon the Court's authorization to Plaintiffs to voluntarily dismiss their claims against GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST. Defendants GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST and JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING further stipulate and agree that none of them will raise any objection to nor raise any affirmative defense based on any applicable statute of limitation if Plaintiffs subsequently elect to amend the current or subsequently filed complaint to add GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST, or JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING, or separately file a claim against any or all of them as a party defendant on or before the date that this tolling agreement is scheduled to end. Further, GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST, and JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING, shall not assert or contend that this Stipulation in any way prejudices or impairs the Plaintiffs'

1  rights to subsequently join GARY B. CROSSLAND, THE GARLAND COMPANY
2  D/B/A FIRE SHIELD WEST, or JACE CONTRACTING SERVICES, INC. a/k/a
3  JACE CONTRACTING, as future Defendants in any future amended complaint in
4  this action or any other action seeking personal injuries and other damages arising
5  out of a series of incidents or occurrences which ultimately culminated in injuries to
6  the Plaintiffs on or about October 28, 2004.

7  4.     By signing this Stipulation, Lori B. Feldman and Shireen B. Rogers, counsel for
8  Defendants, GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD
9  WEST, and JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING and Daniel
10 J.T. Sciano, as attorney for Plaintiffs, JEREMY JAMES EHART, KRISTY EHART and STEVEN
11 RYAN McCLANAHAN, hereby further stipulate, agree and warrant that they have spoken to their
12 respective clients, who have authorized each attorney to enter into this tolling agreement on behalf
13 of the parties who further agree to be bound by the signatures of their respective counsel on this
14 agreement.

15 IT IS SO STIPULATED.

17 Dated: December 2, 2008                    THE LAW OFFICES OF LORI B.
                                             FELDMAN

19                                           By: _____
20                                              Lori B. Feldman

21                                           Attorney for Defendant,
                                             GARY B. CROSSLAND AND JACE
22                                           CONTRACTING SERVICES, INC. a/k/a
                                             JACE CONTRACTING

24 Dated: December 2, 2008                   MUSICK, PEELER & GARRETT LLP

26                                           By: _____
                                                Mike Brown

Tolling Agreement                                                                   -5-
                                                              CASE NO. 5:06-CV-6507-JW

rights to subsequently join GARY B. CROSSLAND, THE GARLAND COMPANY D/B/A FIRE SHIELD WEST, or JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING, as future Defendants in any future amended complaint in this action or any other action seeking personal injuries and other damages arising out of a series of incidents or occurrences which ultimately culminated in injuries to the Plaintiffs on or about October 28, 2004.

4. By signing this Stipulation, Lori B. Feldman and Shireen B. Rogers, counsel for Defendants, GARY B. CROSSLAND and THE GARLAND COMPANY D/B/A FIRE SHIELD WEST, and JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING and Daniel J.T. Sciano, as attorney for Plaintiffs, JEREMY JAMES EHART, KRISTY EHART and STEVEN RYAN McCLANAHAN, hereby further stipulate, agree and warrant that they have spoken to their respective clients, who have authorized each attorney to enter into this tolling agreement on behalf of the parties who further agree to be bound by the signatures of their respective counsel on this agreement.

IT IS SO STIPULATED.

Dated: December 2, 2008

THE LAW OFFICES OF LORI B. FELDMAN

By:_____
*Lori B. Feldman*

Attorney for Defendant,
GARY B. CROSSLAND AND JACE CONTRACTING SERVICES, INC. a/k/a JACE CONTRACTING

Dated: December 2, 2008

MUSICK, PEELER & GARRETT LLP

By:_____
Mike Brown

Tolling Agreement                                                                                               -5-
                                                                                              CASE NO. 5:06-CV-6507-JW

-6-

Attorney for Defendant THE GARLAND COMPANY D/B/A FIRE SHIELD WEST

Dated: December 2, 2008

TINSMAN & SCIANO, INC.

By: _____
Daniel J.T. Sciano

Attorney for Plaintiffs,
JEREMY JAMES EHART, KRISTY EHART and STEVEN RYAN McCLANAHAN

**\*\*\* ORDER \*\*\***

Since parties in an action may stipulate to extend the statute of limitations, the Court finds good cause to accept the parties' Stipulation. See, e.g., <u>Lee v. ABC Carpet & Home</u>, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) ("Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations" ); <u>Roebuck v. Hudson Valley Farms</u>, 239 F.Supp. 2d 234, 240 n.10 (N.D.N.Y. 2002); <u>Hoffman v. Sbarro, Inc.</u>, 982 F. Supp. 249, 260 n.14 (S.D.N.Y. 1997).

Dated: December 16, 2008

_____
JAMES WARE
United States District Judge